People v Loffler (2019 NY Slip Op 08739)





People v Loffler


2019 NY Slip Op 08739


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

110339

[*1]The People of the State of New York, Respondent,
v
Gary Lee Loffler, Appellant.

Calendar Date: November 8, 2019

Before: Garry, P.J., Devine, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Letitia James, Attorney General, New York City (Priscilla Steward of counsel), for respondent.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 30, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant was charged in a multicount indictment with conspiracy in the second degree and criminal sale of a controlled substance in the third degree as the result of his involvement in a largescale drug distribution network. In satisfaction thereof, he pleaded guilty to attempted criminal possession of a controlled substance in the third degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to five years in prison, followed by three years of postrelease supervision. Defendant appeals.
Initially, defendant contends that his appeal waiver is unenforceable. We disagree. The record discloses that County Court advised defendant that the plea agreement included a waiver of the right to appeal, which was separate and distinct from the other rights that he was forfeiting by pleading guilty. The court also specifically enumerated those rights that were not forfeited by the appeal waiver. Furthermore, the court presented defendant with a written waiver that defendant signed after conferring with counsel and confirming that he understood its ramifications. Notably, the written waiver specifically stated that it encompassed, among other things, any challenge to the severity of the sentence. Accordingly, inasmuch as the record discloses that defendant's waiver of appeal was knowing, voluntary and intelligent, his challenge to the severity of the sentence is foreclosed (see People v Thacker, 173 AD3d 1360, 1360-1361 [2019], lv denied 34 NY3d 938 [2019]; People v White, 172 AD3d 1822, 1823 [2019], lv denied 33 NY3d 1110 [2019]).
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.